IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MATTHEW L. RATCLIFFE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18cv00398 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Matthew L. Ratcliffe, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] to challenge his criminal judgment entered by the Roanoke County Circuit Court on July 14, 2015.[2] This matter is before me on respondent's motion to dismiss (Dkt. No. 13), to which Ratcliffe has responded (Dkt. No. 22.) After reviewing the record, I grant the motion and dismiss the petition as time barred.

On July 14, 2015, after Ratcliffe pleaded guilty, the Roanoke County Circuit Court entered a final order convicting him of three charges and sentencing him as follows: (1) six years of incarceration with three years suspended for statutory burglary; (2) two years with one year suspended for larceny of a firearm; and (3) two years with one year suspended for grand larceny. (Case Nos. CR15-154, CR15-155, and CR15-156.) (*See* Conviction & Sentencing Order, Resp. Ex. 1, Dkt. No. 14-1.) Ratcliffe did not appeal.

On December 12, 2016, Ratcliffe filed a timely petition for writ of habeas corpus with the Supreme Court of Virginia. (State Pet., Dkt. No. 14-2.) That court granted the respondent's motion to dismiss and dismissed Ratcliffe's petition on April 19, 2018. (SCV Op., Dkt. No. 14-

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] Ratcliffe was convicted of other offenses around the same time, both in Roanoke County and Floyd County. In portions of his petition, he confusingly references those other convictions and facts or evidence related to them. Additionally, his state habeas petition was a single petition, but raised challenges to all of his convictions from around the same time, and the Supreme Court of Virginia addressed all of them in a single opinion. Nonetheless, Ratcliffe's petition before this court clearly challenges only his three convictions from July 14, 2015 (all handled in a single proceeding), and it lists only those case numbers.

3.)  Ratcliffe filed this petition on August 1, 2018.  *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A)–(D); R. Gov. § 2254 Cases 3(c).

This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Ratcliffe alleges nothing to support application of § 2244(d)(1)(B)–(C).

Under § 2244(d)(1)(A), Ratcliffe's conviction became final, and the statute of limitations began to run, on August 13, 2015, when his thirty-day period to file an appeal to the Court of Appeals of Virginia expired.  *See* Va. S. Ct. R. 5A:6 (providing that a defendant has thirty day after entry of judgment to note an appeal).  Therefore, Ratcliffe had until August 13, 2016, to file a timely federal habeas petition.  He did not file any state petition or federal petition on or before that time.[3]  Accordingly, if calculated under § 2244(d)(1)(A), his petition is not timely.

---

[3] The running of the federal statutory period is tolled while a properly filed state habeas corpus proceedings is pending.  *See* 28 U.S.C. § 2244(d)(2).  Because Ratcliffe did not file his state court habeas petition until after his federal filing period under § 2244(d)(1) expired, however, the state habeas proceedings did not toll the federal period.

2

In his response to the motion to dismiss, he seems to be asking for the application of § 2244(d)(1)(D), although he does so only in general terms. For example, he states that he has been diligent in pursuing facts and making his claims. (Resp. to Mot. Dismiss 2, Dkt. No. 22.) He does not, however, identify what factual predicates he needed to discover or even when he discovered them. "[T]the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Further, a habeas petitioner who "merely alleges that [he] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Because Ratcliffe fails to allege any details about what evidence he discovered or when, he has not demonstrated that he exercised due diligence in discovering the factual predicate of his claim so as to fall within § 2244(d)(1)(D).

Accordingly, Ratcliffe's petition is time-barred unless he demonstrates that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), or that he is entitled to equitable tolling of the one-year statute of limitations, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Equitable tolling is proper only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control prevented him from complying with the statutory time limit," despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330. An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he

3

fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930.

Ratcliffe seems to be asking for equitable tolling on the ground that he is "uneducated," and had no lawyers after his trial, which might result in a defendant "miss[ing] the appropriate time line [for] appeal." (Resp. to Mot. Dismiss 4.) As even Ratcliffe seems to acknowledge, though, ignorance of the law is no excuse, (*id.* ("ignorance of the law is not excusable")), and neither that ignorance nor *pro se* status justifies equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (denying equitable tolling and explaining that a *pro se* petitioner's "misconception about the operation of the statute of limitations is neither extraordinary not a circumstance external to his control"). Aside from being *pro se* or not knowing the law, Ratcliffe does not offer any other basis for equitable tolling. He certainly has not alleged, let alone shown, that any action by the Commonwealth or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit. *See Harris*, 209 F.3d at 330. Thus, he is not entitled to equitable tolling.

The last possibility for Ratcliffe to overcome a time-bar restriction is a gateway claim of actual innocence. To make such a claim, a petitioner must produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup*, 513 U.S. at 321. The standard for showing actual innocence is thus a demanding one, and the delay in the filing of the petition "is a factor bearing on the 'reliability of the evidence' purporting to show actual innocence." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 332). A showing of actual innocence to allow one to pass through the *Schlup*

4

gateway and avoid the procedural default and statutes of limitations bars to review, must be a showing of "factual innocence," not legal innocence or evidentiary insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012).

Additionally, where a defendant pled guilty to the state crime instead of being convicted after a trial, like Ratcliffe did here, it is even more difficult to show "actual innocence." While pleading guilty does not entirely preclude a petitioner from claiming actual innocence in a habeas proceeding, a guilty plea "seriously undermine[s]" the claim. *Smith v. Warden*, No. 7:17CV00072, 2018 WL 3130948, at *2 (W.D. Va. June 26, 2018); *Clark v. Clarke*, No. 7:14CV00042, 2017 WL 819500, at *4 (W.D. Va. Mar. 1, 2017). Guilty pleas also give rise to several issues under *Schlup*: there is no factfinder (judge or jury) finding, the record is normally abbreviated, the state did not "present" evidence in the typical fashion to establish guilty beyond a reasonable doubt, and the petitioner has confirmed his guilt in a plea colloquy. *Smith*, 2018 WL 3130948, at *3.

Ratcliffe fails to come close to satisfying the demanding standard for an actual innocence gateway claim. First of all, it is not entirely clear what "new evidence" Ratcliffe contends shows his innocence. His petition alleges that his counsel was constitutionally deficient and that he would not have pled guilty had his counsel been willing to put on a defense.[4] (Pet. 2.) He also contends that his lawyer told him he would receive a more severe sentence if he went to trial. (Pet. 17.) These claims do not depend on new evidence.

His petition refers to several pieces of evidence that Ratcliffe presumably believes would prove his innocence, but he does not provide enough details to understand what that evidence is or how it renders him innocent. Moreover, much of the "evidence" he cites concerns his other

---

[4] Related to this, he refers to a judicial conduct complaint and civil malpractice claim he filed against his attorney.

5

Roanoke County conviction, in CR15-1017, for attempted burglary. For example, he talks about a subpoena duces tecum he wanted his attorney to send in order to obtain a phone recording in which an unnamed "suspect clearly identif[ies] the name of the individual that committed that crime." (Pet. 16.) That subpoena eventually was sent by an attorney after his conviction, but it references Ratcliffe's *other* Roanoke County case number and charge. (Pet. 18, Dkt. No. 1.) He also makes a reference to the testimony of Ms. Hale. (*See also* Resp. 4, Dkt. No. 22.) In his petition, he states that the original assertion she made (presumably exculpatory in some way toward him) "changed once the prosecution promised immunity to a defendant to falsely accuse [Ratcliffe] by hearsay." (Pet. 16.) As is evident from his state habeas petition and the decision of the Supreme Court of Virginia, that allegation likewise pertains to his other Roanoke County conviction, not one of the three challenged in this petition. (SCV Op. 5, Dkt. No. 14-3.) He also offers that he has an unspecified alibi, but provides no other details about the alibi or what evidence supports it. He further claims that "in the discovery, [an] eye witness clearly admits that she could not identify" him as the perpetrator. (Pet. 16.)

Most of the above items, even if they related to the convictions challenged in this petition, would not be "new evidence." He should have known his alibi and he does not state that there was new supporting evidence of an alibi. Ratcliffe notes that the initial statement by Hale was in "discovery" and it appears that she was a witness who would have testified against him at trial, had he gone to trial. There is no indication he did not know of that or any of the other evidence prior to trial.

Even if the evidence were new and it could somehow be cobbled together to call into question whether he was the perpetrator of the crimes he now challenges, these vague assertions of innocence cannot contradict his clear admission of guilt in pleading guilty. *Cf. United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary

circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Moreover, the Commonwealth's evidence, described at the colloquy and agreed to by Ratcliffe, demonstrates substantial evidence of his guilt. (Video of plea colloquy, Dkt. No. 17; *see also* Mem. Supp. Mot. Dismiss 8, Dkt. No. 14 (describing same).) When compared to that evidence—which included that he was found in a hotel room with a number of stolen goods belonging to the victims and that a vehicle matching his vehicle, also found at the hotel, was seen in the victims' driveway—the fact that an eyewitness could not identify him or that unspecified third parties accused another person of the crime does not significantly call into question his guilt.

In short, Ratcliffe has not presented any new, reliable evidence in his habeas petition such that no reasonable juror would have found him guilty beyond a reasonable doubt. He cannot overcome the time-bar to his petition on the grounds of actual innocence.

Because Ratcliffe has not plausibly alleged a basis for excusing his untimely filing, I conclude that his petition is time-barred. I will grant respondent's motion to dismiss Ratcliffe's petition (Dkt. No. 13), and dismiss the petition as untimely filed.

An appropriate order will be entered.

**ENTER**: This  23rd day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE